AQUILÚE *v.* ABREU ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 7.—Resuelto en diciembre, 23, 1903.

ADJUDICACIÓN DE BIENES—DOMINIO.—La adjudicación de bienes inmuebles constituye título de dominio a favor del adjudicatario y ese título prevalecerá contra tercero si se hallare debidamente inscrito en el registro de la propiedad del distrito donde radiquen los bienes adjudicados.

DEVOLUCIÓN DE BIENES—FRUTOS.—La obligación de devolver una finca indebidamente embargada lleva consigo la de devolver también los frutos percibidos y los que se hubieren podido percibir como productos de dicha finca.

SENTENCIAS.—Las sentencias deben resolver todas las cuestiones planteadas en la demanda y discutidas oportunamente en el juicio.

ADJUDICACIÓN DE BIENES—SUS EFECTOS.—Las casas, ranchos y demás edificaciones enclavadas en una finca adjudicada han de considerarse también con la misma finca y puesto en posesión el adjudicatario de los expresados bienes, deberá ser amparado en ella mientras no se presente un título superior para acreditar que debe ser privado de ella.

## EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Arecibo, entre partes, de la una Don Vicente Aquilúe, demandante, al que ha representado y defendido ante esta Corte Suprema el Letrado Don Rafael López Landrón, y de la otra, como demandados, Don José Domingo Abreu y Don Andrés Avelino Delgado, representado y dirigido, el primero, sucesivamente, por los Letrados Don Herminio Díaz Navarro y Don Ramón Nadal Santa Coloma, estando en rebeldía el segundo, o sea Delgado, sobre tercería de dominio, cuyo juicio pende ante nos a virtud de recurso de casación, hoy de apelación, interpuesto por Aquilúe y por Abreu contra la sentencia pronunciada y auto aclaratorio de la misma, que copiados a la letra dicen así:

"*Sentencia No. 45.* En la villa de Arecibo, a diez y ocho de (*) diciembre de mil novecientos uno. Vista en juicio oral y público ante este tribunal de distrito la tercería de dominio promovida por Don Vicente Aquilúe, mayor le edad, propietario, vicino de Lares, soltero, y, por su propio derecho, representado por el Letrado Don Simón Largé, contra Don José Domingo Abreu, agricultor, vecino de Hatillo, representado per el Abogado Don Ramón Nadal y Don Andrés Avelino Delgado, en rebeldía, también agricultor y vecino de Utuado.

"*Resultando:* que en los autos ejecutivos seguidos ante este tribunal de distrito por Don José Domingo Abreu contra Don Andrés A. Delgado, fueron embargados por el primero, como de la propiedad del segundo, una finca rústica compuesta de sesenta · cuerdas más o menos, igual a veinte y tres hectáreas, cincuenta y ocho áreas y veinte y cuatro centiáreas de terreno quebrado, ubicada en el barrio de 'Angeles,' fincada en su mayor parte de café, plátanos, guineos, frutos menores y pastos: que colinda por el Norte con el deudor Sr. Delgado; por el Sur con la Sucesión de Don Manuel Cortés y antiguo camino que conducía a Lares, así como Don José Domingo y Doña Carolina Abreu; por el Este y Oeste, el referido Don Andrés Avelino Delgado, en cuyo terreno radica un ranchón sin cerca, techado de paja, que mide veinte y siete varas de largo por seis de ancho; una casa de maderas del país, techada de paja, de cinco

varas de largo por seis de ancho; un ranchón de diez y seis varas de largo por siete de ancho, sin cerca, de maderas del país, y techado de paja, que radica en una finca rústica compuesta de ciento ochenta cuerdas que fué adjudicada a Don Vicente Aquilúe en el ejecutivo seguido por los Sres. Lecaroz y Cía., contra el deudor Don Andrés A. Delgado; otra casa de maderas del país, con techo de zinc, que mide cinco varas de frente por seis de fondo, dos bohíos cercados de maderas del país, y techados de paja, de cuatro varas de fondo por cinco de frente; otra casita de maderas del país, techada de yaguas, de ocho varas de frente por seis de fondo. Esta última casa se encuentra enclavada en una finca de treinta y seis cuerdas adjudicadas a Don Vicente Aquilúe, y las otras tres radican en las ciento ochenta cuerdas ya descritas. Dos glacis de mampostería que miden, el uno, veinte y seis varas de largo por ocho de ancho, y el otro, veinte varas de largo por ocho de ancho y que asimismo enclavan en las ciento ochenta cuerdas ya descritas y que fueron adjudicadas a Don Vicente Aquilúe. Y no existiendo otros bienes conocidos fueron depositados en el mismo deudor, Don Andrés A. Delgado, (*) los bienes muebles embargados o sean las maderas y frutos pendientes de recolección de las fincas rústicas descritas, haciéndose al Sr. Delgado las prevenciones contenidas en la Orden Judicial No. 57 de 5 de mayo de 1899, cuyo depositario fué después, a solicitud del mismo Delgado, sustituído por Don Liborio Bello.

"2. *Resultando:* que poco tiempo después Don Vicente Aquilúe representado por el Abogado Don Simón Largé, formuló demanda de tercería de dominio sobre los bienes embargados, alegando que Don Andrés A. Delgado era dueño y poseedor de una finca rústica sita en el barrio de 'Angeles,' término municipal de Utuado, de una cabida de ciento ochenta cuerdas, equivalentes a setenta hectáreas setenta y cuatro áreas y setenta y dos centiáreas, con plantaciones de café, guineos y otros frutos, pastos, malezas y montes; colindando por el Norte, con tierras de Don Miguel Pozo y de la Sucesión de Sebastián González; por el Este o saliente, con tierras de Don Plácido González y de la referida sucesión de Don Sebastián González; por el Sur, con el camino viejo que conduce de Utuado a Lares, tierras de Don Juan Rodríguez y el río Angeles, y por el Oeste o poniente, con tierras de Don Rafael Pío Soto, de Doña Severiana Martínez de los citados Rodríguez y Pozo, río Angeles y con tierras de Don Santos Soto y Don Manuel Reyes; que en cinco de enero de mil ochocientos noventa y nueve, la mercantil de Lares, Lecaroz & Cía., acreedora de

Don Andrés A. Delgado, por una respetable suma de miles de pesos, solicitó fundadamente del extinguido Juzgado de Primera Instancia, de Utuado, embargo preventivo de bienes de la pertenencia del deudor Delgado, por la cantidad de catorce mil setecientos noventa y un pesos sesenta y nueve centavos, moneda provincial, de capital, y dos mil pesos para intereses y costas, cuyo embargo se decretó el día seis del propio enero, recayendo, entre otras fincas, sobre una rústica, sita en el barrio de 'Angeles,' término de Utuado, compuesto de ciento ochenta cuerdas equivalentes a setenta hectáreas, setenta y cuatro áreas y setenta y dos centiáreas, con plantaciones de café, guineos, pastos, malezas, montes, etc., con lindes, por el Norte, con Don Miguel Pozo, por el Este, con Don Plácido González, Don Juan Rodríguez y el río de Angeles, y por el Oeste, con Don Rafael Ríos Soto; que la finca rústica descrita primeramente es la misma embargada preventivamente entre otras y ejecutada por Lecaroz y Cía. a Delgado y hoy del dominio de Don Vicente Aquilúe, pues si bien en la descripción de aquélla resultan colindantes de ellas, por el Sur, el camino viejo de Utuado a Lares, (*) tierras de Don Juan Rodríguez y el río Angeles, y en la de la segunda aparecen estas dos últimas colindancias al Este, sin designar colindante alguno, por el Sur, apareciendo por el Oeste en la descripción segunda Rafael Ríos Soto, en vez de Rafael Pío Soto, que figura en la primera, obedece a omisión involuntaria o error material de pluma que no implica diferencia en las fincas; que la certificación del registrador que acompaña acredita además que la finca embargada por Lecaroz y Cía. a Delgado, descrita en segundo lugar, hoy de Don Vicente Aquilúe, es la misma descrita primeramente, y que la circunstancia de que no se nombre en la descripción de la finca segunda al colindante, sucesión de Sebastián González, que aparece por el Norte y Este en la descripción primera, así como el que tampoco se haga mención al describir la finca en segundo lugar de los colindantes Severiana Martínez, los expresados Rodríguez y Pozo, río Angeles y tierras de Don Santos Soto y de Manuel Reyes que figuran por el Oeste al describirla en primer lugar, obedece, o bien a omisión involuntaria cometida al solicitar y practicar el embargo de Lecaroz y Cía., o a modificación y cambio de dueño de los terrenos con que linda la finca en cuestión por dicho punto, lo que ha podido venir a reducir las colindancias a las que actualmente tiene, o sean: por el Norte, terrenos que fueron de Don Miguel Pozo, hoy Don Vicente Aquilúe, y tierras de Don Andrés A. Delgado; por el Sur, el río Angeles, tierras de Don José Domingo Abreu, y

Doña Carlina Abreu, antes Don Juan Rodríguez, y el camino viejo
que va de Utuado a Lares; por el Este, con tierras de Don Plácido
González, hoy Don Zacarías Díaz Bello; por el Oeste, con Don Rafael
Pío Soto, Juan Luis Sotomayor e Isidro Vega; que practicado el
embargo siguió Lecaroz y Cía. la ejecución contra Don Andrés A.
Delgado, ratificándose dentro de término de preventivo, y decretán-
dose el ejecutivo que se llevó a cabo en las fincas ya embargadas pre-
ventivamente, haciéndose a más extensivo a los frutos que dichas
fincas produjeran, y seguido el juicio por sus trámites, dentro del
que se opuso el ejecutado, se dictó sentencia mandando seguir la eje-
cución adelante hasta hacer trance y remate de los bienes embargados
y con su producto entero y cumplido pago al acreedor de principal,
intereses y costas; que notificada la sentencia a las partes, el ejecu-
tado Delgado estableció los recursos de ley, y como conviniera al
ejecutante Lecaroz y Cía. llevar en seguida a efecto por la vía de apre-
mio la sentencia de remate pronunciada, no obstante la apelación (*)
establecida por Delgado, lo solicitó así del juzgado, ofreciendo a
ese fin la necesaria fianza para responder de todo lo que percibiese
en el caso de que por ser revocada la sentencia estuviere Lecaroz y
Cía., obligado a devolverlo, cuya fianza hipotecaria, por cierto, prestó
cumplidamente el actor dentro del término de ley y admitida y esti-
mada bastante por el juez remitiéronse los autos originales al Tri-
bunal Supremo, con emplazamiento de las partes, quedando en el
inferior testimonio de lo conducente para la ejecución de la sentencia;
que como consecuencia de esto, y a fin de hacer efectiva la sentencia
de remate dictada, se abrió la vía de apremio a solicitud del actor,
y seguida ésta por sus trámites y llenados que fueron todos los requi-
sitos de la ley, a instancia del ejecutante, se sacaron a pública subasta
los bienes embargados y, señalado día para el remate, como no con-
curriera licitador alguno, Lecaroz y Cía. solicitó la adjudicación de
dichos bienes por las dos terceras partes del avalúo y a calidad de
ceder el remate a un tercero, cuya acta, en que así consta, fué apro-
bada por este tribunal que dictó auto en seis de febrero de 1900, adju-
dicando los bienes embargados a la sociedad ejecutante, cuyo auto
quedó firme por haber sido desestimados los recursos que interpusiera
la representación del ejecutado; que adjudicados los bienes a Lecaroz
y Cía., esta mercantil, haciendo uso del derecho que se reservara en
el acto del remate, cedió éste al tercero Don Vicente Aquilúe, que
pagó a Lecaroz y Cía., como precio de la cesión el importe de las dos
terceras partes del avalúo ofrecidas, por cuya suma se pidió la adju-

dicación de dichos bienes y el tribunal por su provisto de primero
de marzo último, de conformidad con lo solicitado por el actor, acordó
se entendiese la adjudicación ameritada a favor de Don Vicente
Aquilúe, a quien pasaron los bienes y con ellos la finca de ciento
ochenta cuerdas a que se ha hecho referencia y la posesión judicial de
tales bienes, aprobándose asimismo, la liquidación de capital, inte-
reses y costas; que librada la oportuna carta orden al juez municipal
de Utuado, al efecto de la posesión judicial, el juzgado, el día dos de
abril último, la dió, entre otros bienes de la predicha finca rústica, de
ciento ochenta cuerdas, al nuevo dueño Don Vicente Aquilúe, quien
viene poseyendo desde entonces, a título de dueño, dichos bienes y
practicando en los mismos actos revelativos del dominio pleno que so-
bre ellos tiene; que cedidos por Lecaroz y Cía. los bienes ejecutados al
Sr. Aquilúe, resulta que éste es el único legítimo dueño y poseedor
de la precitada finca de ciento ochenta cuerdas de que ya se ha hecho
mérito; que con posterioridad (*) a la adquisición por el Sr. Aquilúe
de los bienes embargados a Delgado y ejecutados por Lecaroz y Cía.,
se ha embargado como de la propiedad de Don Andrés A. Delgado, y a
virtud de juicio ejecutivo seguido contra éste por Don José Domingo
Abreu, entre otros bienes, una porción de terrenos o finca rústica
radicada en el barrio de 'Angeles,' término municipal de Utuado, com-
puesta de sesenta cuerdas más o menos, igual a veinte y tres hectáreas,
cincuenta y ocho áreas y veinte y cuatro centiáreas, a café, plátanos y
guineos, frutos menores y pastos; en lindes por el Norte, el referido
Sr. Delgado; por el Sur, la sucesión de Don Manuel Cortés y antiguo
camino que conducía de Utuado a Lares así como Don José Domingo
Abreu y Doña Carlina Abreu, y por el Este y Oeste, el referido Del-
gado; pero resulta que la porción de terreno o finca descrita anterior-
mente, forma parte íntegra y está enclavada dentro de las colindancias
de la finca de ciento ochenta cuerdas a que se ha hecho mención; que
en la diligencia de embargo llevada a cabo contra Delgado por Abreu,
en virtud del juicio ejecutivo que éste le sigue, se equivocan las
colindancias de la porción de sesenta cuerdas más o menos de terreno
embargadas, y no se tiene en cuenta que tal porción de terreno se
encuentra y radica dentro de la repetida finca de ciento ochenta
cuerdas del Sr. Aquilúe y para demostrarlo señala las verdaderas
colindancias de la indicada porción de terreno, que son: por el Norte,
tierras de Don Andrés A. Delgado, por el Sur, tierras de Don José
Domingo Abreu y de Doña Carlina Abreu y el camino antiguo que
conduce de Utuado a Lares, y el cual separa dicha porción de tierras

de la sucesión de Don Manuel Cortés; por el Este, Don Plácido Gon-
zález, hoy Don Zacarías Díaz Bello y por el Oeste, Don Vicente Aqui-
lúe, antes Don Andrés A. Delgado; que para evidenciar el hecho de
que la porción más o menos de sesenta cuerdas de terrenos embar-
gadas por Don José Domingo Abreu, como de la propiedad de Don
Andrés A. Delgado es parte integrante de las ciento ochenta cuerdas
del dominio del Sr. Aquilúe, basta tener en cuenta que de las colin-
dancias de dicha porción la que en la diligencia de embargo se cita
por el Oeste, está dentro del cuerpo de la finca de ciento ochenta cuer-
das pertenecientes al Sr. Aquilúe con quien hoy colinda por ese lado,
y las que se le asignan por el Norte, Sur y Este, corresponden a las
mismas que por los propios lados aparecen en las fincas de ciento
ochenta cuerdas, coincidiendo las de estos tres últimos puntos car-
dinales de la porción embargada por Abreu con las mismas que apare-
cen por los propios puntos cardinales (*) de la finca de ciento ochenta
cuerdas referidas; que esto es así, porque los terrenos de Don Andrés
A. Delgado, con los que colinda por el Norte la porción de tierra
embargada, son los mismos de Delgado con los que colinda por el
mismo punto la finca de ciento ochenta cuerdas de Aquilúe; porque
los terrenos de Don José Domingo y Doña Carlina Abreu y camino
viejo de Lares a Utuado, con los que colinda la porción por el Sur,
son los mismos con los que colinda por ese lado la dicha finca de
ciento ochenta cuerdas, que a más linda también con el río de Angeles
por ese punto cardinal; porque los terrenos de Don Plácido González,
hoy Don Zacarías Díaz Bello, con los que colinda la porción embar-
gada por el Este, que en la diligencia de embargo aparecen, sin serlo,
como de Delgado, son también los mismos con los que colinda por ese
lado la finca de ciento ochenta cuerdas del Sr. Aquilúe; y porque el
lindero por el Oeste de la porción ameritada, que la diligencia de
embargo dice equivocadamente ser Delgado, cae en un todo dentro
de la finca de ciento ochenta cuerdas repetidas; que de todo lo ex-
puesto resulta que el pleno dominio de la porción de terreno o finca
rústica de sesenta cuerdas más o menos, embargada por Abreu al Del-
gado, pertenece al Sr. Aquilúe y no al Sr. Delgado, desde antes de
haber sido embargadas a solicitud de Abreu, por ser Aquilúe, con
anterioridad a dicho embargo, dueño y poseedor de la finca de ciento
ochenta cuerdas de la que la precitada porción forma parte; que esa
porción de terreno embargada por Abreu y que es parte integrante
de la de ciento ochenta cuerdas tantas veces repetida, la posee el Sr.
Aquilúe quieta y pacíficamente, y viene practicando actos relativos

del dominio que sobre ella tiene desde primero de abril último, con prioridad de ser embargada a solicitud de Abreu, resultando que al practicarse dicho embargo no era de la pertenencia de Don Andrés A. Delgado; y que con dicha porción de terreno se embargaron los edificios siguientes: ranchón sin cerca y techado de paja, que mide veinte y siete varas de largo por seis de ancho, enclavado dentro de ella; ranchón de diez y seis varas de largo por siete de ancho, sin cerca, de maderas del país, techado de paja, enclavado en la finca de ciento ochenta cuerdas adjudicadas a Aquilúe; dos casitas o bohíos cercadas de maderas del país y techadas de paja, de cuatro varas de fondo por cinco de frente, enclavados en la finca de ciento ochenta cuerdas antes referida; dos glacis de mampostería que mide el uno veinte y seis varas de largo por ocho de ancho, enclavados en la mencionada finca; una casa de maderas del país techada de paja, de cinco varas de largo por (*) seis de ancho; que en la diligencia de embargo figura en la finca de veinte cuerdas y que dice ser de Delgado, siendo así que tal casa radica en la finca rústica de treinta y dos cuerdas perteneciente al Sr. Aquilúe; otra casa de ocho varas de frente por seis de fondo, de maderas del país, techada de yaguas, enclavada en una finca de treinta y seis cuerdas del Sr. Aquilúe; otra casa de ocho varas de frente por seis de fondo, de maderas del país y techada de yaguas, enclavada en la misma finca de treinta y seis cuerdas; y que todas las fabricaciones descritas son de la propiedad del Sr. Aquilúe, pues existían en las fincas en que posan cuando fueron embargadas a Delgado por Lecaroz y Cía.

"3. *Resultando:* que después de haber expuesto los fundamentos en que apoyaba su demanda, terminó suplicando al tribunal que ordenara la inmediata suspensión del procedimiento de apremio en los autos ejecutivos de Abreu con Delgado, como se hizo, y que en definitiva se dictara sentencia declarando el dominio de los bienes embargados a favor del tercerista, que acompañó a su demanda una certificación del registrador de la propiedad del distrito, de la inscripción de la finca de ciento ochenta cuerdas a favor del compareciente, y copia de la carta-orden librada por este tribunal al juez municipal de Utuado para dar posesión al tercerista de los bienes antes del Delgado y adjudicados a la sociedad mercantil Lecaroz y Cía. y cedidos por éste a Aquilúe.

"4. *Resultando:* que conferido traslado de la demanda al ejecutante y ejecutado, lo evacuó el primero, Don José Domingo Abreu con representación del Abogado Don Ramón Nadal, presentando en

doce de agosto último su contestación en que expuso: que Don An-
drés Avelino Delgado era dueño de la finca rústica descrita en primer
término de la demanda y lo es de la de sesenta cuerdas más o menos
igual a tres hectáreas (debe decir veinte y tres hectáreas) cincuenta
y ocho áreas y veinte y cuatro centiáreas de terreno quebrado, ubicada
en el barrio de 'Angeles,' jurisdicción de Utuado, fincada en su mayor
parte de café, plátanos y guineos, frutos menores y pastos, que colinda
por el Norte, con el mismo Sr. Delgado; por el Sur, con la sucesión de
Don Manuel Cortés y antiguo camino que conducía de Utuado a Lares,
así como Don José Domingo Abreu y Doña Carlina Abreu; por el
Este y Oeste, el referido Don Andrés Avelino Delgado, en cuyo terreno
radica un ranchón sin cerca, techado de paja, de veinte y siete varas
de largo por seis de ancho, hallándose (*) inscrita la primera finca en
el registro a nombre del Sr. Delgado, porque la adquirió en la forma
que se describe en la certificación número 1 acompañada por la parte
contraria, no estando inscrita la que se describe anteriormente, porque
la adquirió sin título inscribible; que es cierto que Lecaroz y Cía.
embargó terrenos en la finca descrita en primer término de la de-
manda y bajo las colindancias que se citan primeramente en la des-
crita en segundo lugar; pero aun aceptando que estas colindancias
fueron equivocadas en aquel embargo, y que realmente la finca en
que se trabó es realmente, digo exactamente, la misma que se describe
primeramente, no por esto se deduce ni puede deducirse que el cuerpo
de terreno o finca embargada por Don José Domingo Abreu de sesenta
cuerdas más o menos, esté comprendida en la de ciento ochenta
cuerdas que fué adjudicada a Don Vicente Aquilué, porque de ser
así se desprendería de ello que el Sr. Abreu desea reducir la propie-
dad de dicho señor a ciento veinte cuerdas, cosa a que no aspira cono-
cidos como son sus procederes y honradez y nobleza que siempre pre-
ceden a sus actos, y porque los linderos de ambas fincas son completa-
mente distintos en tres puntos, pues la finca de sesenta cuerdas más
o menos, objeto de esta tercería, tiene por Norte, Este y Oeste tierras
del propio Sr. Delgado, no implicando absolutamente nada que por el
Sur colindan las dos fincas con iguales propiedades, puesto que una
puede estar a la derecha y la otra a la izquierda de dichos colindantes
y sin que ambas se confundan y porque la finca de ciento ochenta
cuerdas la adquirió el Sr. Delgado en pago de seis mil pesos por
los que era acreedor de la sucesión de Doña Petra Rodríguez, según
aparece de la misma certificación que acompaña la parte demandante
con el número 1, y la de sesenta cuerdas más o menos, la adquirió de

Don José Domingo Abreu que a su vez la hubo de Don Agustín Plá; que respecto al primer ranchón, está enclavado en la finca de la tercería, y no habiendo sido tampoco objeto especial del embargo de Lecaroz y Cía., si no la consideramos con títulos sobre la finca que se discute, menos reconocérselo sobre el mencionado ranchón; es más, éste se encuentra todavía más independiente, completamente separado de todos los argumentos que viene empleando con su finca de ciento ochenta cuerdas, que la misma finca de sesenta cuerdas más o menos; pues si con las fincas citadas, la parte contraria tiende a resolver cuestión de linderos, no puede aspirar a lo mismo con dicho ranchón, desde el momento que éste no ha figurado para nada ni como cosa ni como valor para la tasación que dió origen a la adjudicación (*) del ejecutivo seguido por Lecaroz y Cía. a favor de Aquilúe, y que el otro ranchón, glasis y demás casas de la tercería, si bien se encuentran enclavadas algunas de ellas en la propiedad de ciento ochenta cuerdas del Sr. Aquilúe, existían antes del embargo practicado por Lecaroz y Cía., y por lo tanto de la adjudicación, y ni en aquél ni en ésta, no solamente no se reseñaron, sino que no fueron valuados ni subastados, y por tanto de la única manera que puede explicar la parte contraria su pretensión en el último extremo de su demanda, es diciendo que por acción, digo, accesión, le pertenece; y pidiendo en conclusión que se desestime con las costas la tercería de dominio interpuesta.

"5. *Resultando:* que no habiendo contestado la demanda de tercería el ejecutado Don Andrés A. Delgado, fué declarado en rebeldía a instancias del demandante y celebrada la comparecencia de proposición de pruebas, la ofrecieron el tercerista y el ejecutante, proponiendo el primero la confesión en juicio de Don José Domingo Abreu y de Don Andrés A. Delgado; documental consistente en acta notarial rectificando las omisiones y errores del auto de adjudicación de la finca cedida por Lecaroz y Cía. al demandante, planos geométricos de la misma, croquis y replanteo, certificación de mensura y copias de las diligencias de requerimiento de pago de Abreu contra Delgado, y certificación de la diligencia de posesión judicial dada por mandato de este tribunal a Don Vicente Aquilúe; reconocimiento judicial de la finca objeto de la tercería, dictamen de peritos y testifical, prueba que fué toda declarada pertinente, a excepción del reconocimiento judicial.

"6. *Resultando:* que el demandado Don José Domingo Abreu propuso también como documental certificaciones del registro de la propiedad sobre la inscripción de la finca de ciento ochenta cuerdas a

favor de Don Vicente Aquilúe, y del secretario del tribunal referente al auto de adjudicación dictado en los autos ejecutivos de Lecaroz y Cía. contra Don Andrés A. Delgado, reconocimiento judicial e inspección ocular de la finca objeto de esta tercería; pericial de mensura de la citada finca y testifical, que también fué declarada pertinente, (\*) excepto en el extremo relativo al reconocimiento judicial, señalándose, desde luego, día para la celebración del juicio oral que se celebró con asistencia de los letrados del tercerista y del demandado ejecutante.

"7. *Resultando:* que Don José Domingo Abreu confesó en el acto del juicio oral que las sesenta cuerdas objeto de la tercería habían pertenecido primeramente a él, y que después le fueron adjudicadas a Don Andrés A. Delgado, con otras más hasta completar ciento ochenta, todas las cuales fueron embargadas a Delgado por la mercantil Lecaroz y Cía., terreno que en mil ochocientos ochenta fué mensurado por el Agrimensor Don Vicente Viñas, y que siempre esos terrenos colindaron por el Sur con el río de 'Los Angeles' y el camino de Lares; y Don Andrés Avelino Delgado también confesó en el juicio oral, que el referido Agrimensor Don Vicente Viñas midió en 1880 la finca de ciento ochenta cuerdas que pasó a manos de Delgado, siendo antes de Abreu.

"8. *Resultando:* que de la certificación del Registro de la Propiedad de Arecibo aparece inscrita bajo el número 306, folio 60 del Tomo VI de Utuado, la finca de ciento ochenta cuerdas más o menos, sita en el barrio de 'Los Angeles,' lindando al Norte con Don Miguel Pozo y sucesión de Don Sebastián González; al Este, con Plácido González; al Sur con el camino viejo de Lares, con Juan Rodríguez y el río 'Los Angeles'; y al Oeste, con Don Rafael Pío Soto, Doña Severiana Martínez, Don Juan Rodríguez, Don Miguel Pozo, río 'Los Angeles, Santos Soto y Manuel Reyes, estando todas las fincas colindante dedicadas al cultivo del café, frutos menores y pastos, como de la propiedad de Don José Domingo Abreu, de quien la hubo Don Andrés A. Delgado y a quien la embargó la mercantil de Lares Lecaroz y Cía., omitiéndose en la anotación del embargo las colindancias del Sur.

"9. *Resultando:* que la misma finca conteniendo una casa de maderas de dos pisos, almacén para guardar café con máquina de descascarar y otra casa ranchón, aparece en la expresada certificación del registrador adjudicada a Lecaroz y Cía., de Lares, quienes la cedieron a Don Vicente Aquilúe, habiendo aprobado este tribunal la cesión de

la adjudicación inscribiéndose definitivamente la finca a favor del expresada Aquilúe. (*)

"10. *Resultando:* que de la prueba pericial practicada aparece que la porción de sesenta cuerdas objeto del litigio, se encuentra enclavada en la finca de ciento ochenta cuerdas más o menos, cuya adjudicación fué cedida por Lecaroz y Cía. al tercerista Aquilúe, determinándose por los peritos Don Vicente Viñas, Don José Escudé y Don José Ricarte, que las colindancias de las repetidas sesenta cuerdas son: al Norte, Este y Oeste, con terrenos del propio Aquilúe, y al Sur, con el camino de Lares, habiendo declarado también en el sentido de que las sesenta cuerdas disputadas son de la pertenencia del tercerista, ocho de once testigos que declararon en el pleito, sin que los otros tres lo hubieran negado, siendo todos vecinos por largo número de años del barrio de Los Angeles, de Utuado, donde radica la dicha finca.

"11. *Resultando:* que en la substanciación de este litigio se han observado las solemnidades legales. Siendo ponente el presidente del tribunal, Don Felipe Cuchí y Arnau.

"1. *Considerando:* que es doctrina legal sancionada por la jurisprudencia del Tribunal Supremo de España en decisiones reiteradas, que la adjudicación de bienes inmuebles constituye título de dominio a favor del adjudicatario, cuyo título prevalecerá contra tercero si se halla debidamente inscrito en el registro de la propiedad del distrito donde radican los bienes adjudicados.

"2. *Considerando:* que la finca rústica de ciento ochenta cuerdas más o menos, cuyas colindancias se describen en el resultando sexto, digo octavo de esta sentencia, fué adjudicada por este tribunal de justicia en 6 de febrero de mil novecientos a la sociedad mercantil, Lecaroz y Cía., quien cedió todas sus acciones y derechos por título oneroso a Don Vicente Aquilúe, el cual se subrogó en ellas, quedando desde aquel momento en el pleno dominio de la finca, pleno dominio que podía justificar en todo tiempo el cesionario con perjuicio de tercero, pues inscribió la cesión en el registro de la propiedad, en conformidad con lo establecido en los artículos 2, número 1 y 23, primer párrafo de la Ley Hipotecaria.

"3. *Considerando:* que la porción de sesenta cuerdas de terreno sobre que versa esta tercería de dominio, forma parte integrante de la finca de ciento ochenta cuerdas más o menos, que aparece inscrita a nombre del tercerista Aquilúe, porque si se omitieron en la inscripción las colindancias del Sur, la prueba pericial ha demostrado que

el río de 'Los Angeles' y el camino de Lares nunca estuvieron (*)
en la colindancia Este de la finca sino al Sur de la misma, lo que
demuestra que en la inscripción referida se agruparon por error las
colindancias Este y Sur de la finca, en vez de consignarlas por
separado.

"4. *Considerando:* que la prueba de testigos obrante en autos
también denota sin género alguno de dudas que la porción de sesenta
cuerdas de terreno objeto de este pleito, se encuentra situada al Sur
de la finca total de ciento ochenta más o menos, propiedad del ter-
cerista Aquilúe, y que es la misma que por equivocación embargó
Don José Domingo Abreu a su yerno Don Andrés A. Delgado en los
ejecutivos de que es incidente esta tercería.

"5. *Considerando:* que si bien es cierto que en la finca de ciento
ochenta cuerdas más o menos de terreno, que en el registro de la
propiedad aparece inscrita a favor del tercerista Aquilúe, y de cuya
finca es parte integrante la porción de sesenta cuerdas objeto de esta
tercería, existe edificada una casa de maderas, un almacén para
guardar café con máquina para descascarar y un ranchón, no es lícito
discutir en este pleito si dichas edificaciones entran o nó a ser pro-
piedad del tercerista Aquilúe, porque la tercería versa exclusivamente
acerca de sesenta cuerdas que fueron erróneamente embargadas como
de la propiedad de Don Andrés A. Delgado, y lo discutido es la iden-
tidad de dichas sesenta cuerdas con el título de dominio del ter-
cerista y no la extensión de la adjudicación que en otros autos se
hizo a Lecaroz y Ca., hoy Don Vicente Aquilúe.

"6. *Considerando:* que apareciendo de la certificación del Regis-
trador de la Propiedad de Arecibo y de la prueba pericial practicada
que la finca de ciento ochenta cuerdas más o menos, radicada en el
barrio de Los Angeles, término municipal de Utuado, colinda al
Norte, con tierras de Don Miguel Pozo y sucesión González; al Este,
con Plácido González; al Sur, con el río de 'Los Angeles' y el ca-
mino de Lares, y al Oeste, con Don Rafael Pío Soto, hoy Luis Soto,
y sucesión Martínez, está inscrita a favor de Don Vicente Aquilúe
y que la porción de sesenta cuerdas que se discute forma parte inte-
grante de dichas ciento ochenta, según los testigos, vecinos y contri-
buyentes del barrio de Los Angeles, que han declarado en este (*)
pleito, debe declararse con lugar la tercería de dominio interpuesta.

"7. *Considerando:* que de las demás pruebas aportadas a este
litigio se robustece el convencimiento de que el título que se des-
cribe en el anterior Considerando, inscrito en el registro de la pro-

piedad a favor del tercerista Aquilúe, es legítimo y suficiente para acreditar el dominio de las sesenta cuerdas discutidas, cuya identidad aparece perfectamente comprobada.

"8. *Considerando:* que en la oposición formulada por Don José Domingo Abreu a esta tercería de dominio no debe estimarse temeridad, por cuyo motivo el litigio debe fallarse sin especial condenación de costas.

"Vistos los artículos 348, 349, 1218, 1232, 1242, 1256 del Códigc Civil, los 8 y 24 de la Ley Hipotecaria, 371, 577, 1530, 1531, 1533 y 1537 de la Ley de Enjuiciamiento Civil, sentencias del Tribunal Supremo de España de 3 de febrero de 1887, 8 de mayo de 1878 y 12 de diciembre de 1877, así como la Orden General número 118 de 1899. *Fallamos:* que debemos declarar y declaramos con lugar la tercería de dominio interpuesta por Don Vicente Aquilúe sobre un predio de sesenta cuerdas, sitas en el barrio de 'Los Angeles,' término municipal de Utuado, y embargadas por Don Domingo Abreu como de la propiedad de Don Andrés Avelino Delgado, en el juicio ejecutivo seguido contra éste ante el Tribunal de Distrito de Arecibo, sin especial condenación de costas. Así, por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos. Felipe Cuchí, Otto Schoenrich, Enrique González.

"Arecibo, diciembre veinte y tres de mil novecientos uno.

*Resultando:* que con fecha diez y ocho del corriente este tribunal dictó sentencia en el pleito sobre tercería de dominio promovido por Don Vicente Aquilúe contra Don José D. Abreu y Don Andrés A. Delgado, este último en rebeldía, sentencia cuya parte dispositiva dice así: '*Fallamos:* que debemos declarar y declaramos con lugar la tercería de dominio interpuesta por Don Vicente Aquilúe sobre un predio de sesenta cuerdas sitas en el barrio de 'Los Angeles,' término municipal de Utuado, y embargadas por Don José Domingo Abreu como de la propiedad de Don Andrés A. Delgado en el juicio ejecutivo (*) seguido contra éste ante el Tribunal de Distrito de Arecibo, sin especial condenación de costas.

"*Resultando:* que en veinte y tres del actual Don Simón Largé abogado de Don Vicente Aquilúe, presentó escrito ante este tribunal, en uso del derecho que concede a las partes el artículo 362 de la Ley de Enjuiciamiento Civil, y pidió aclaración del fallo y que se consignara de una manera precisa si declaraba con lugar la tercería sobre los edificios que el tercerista había alegado existían en el predio de sesenta cuerdas embargado; que se resolviese sobre la condena de

frutos pedida por el tercerista y sobre la cancelación de la anotación de embargo hecha en el registro de la propiedad, puntos que no aparecían definidos en el fallo de la tercería.

"*Considerando:* que no habiéndose probado en el pleito que las edificaciones enumeradas por el tercerista como enclavadas en el predio rústico de sesenta cuerdas, cuyo dominio se ha declarado en la sentencia a su favor, estuviera realmente dentro del predio referido, no ha podido hacerse extensiva a dichas edificaciones la declaración de dominio de las sesenta cuerdas expresadas, sin que arguya nada en contrario el hecho de que en la finca total de ciento ochenta cuerdas, de que forma parte integrante el predio de sesenta, estuvieran enclavadas aquellas edificaciones, que podían estarlo en otro lugar cualquiera de ella y ser motivo de impugnación en otros autos en que se discutiera la extensión del auto de adjudicación hecha a Lecaroz y Cía., como se expresa en el considerando 4 de la sentencia.

"*Considerando:* que la obligación en que está Don José Domingo Abreu de devolver al tercerista Aquilúe el predio de sesenta cuerdas que indebidamente embargó, lleva consigo la obligación de devolver también los frutos que percibió y pudo percibir como producidos por dicho predio, cuya anotación de embargo debe también como lógica consecuencia cancelarse en el registro de la propiedad de este distrito.

"*Considerando:* que la aclaración de la sentencia dictada en estos autos ha sido pedida en tiempo.

"Visto el artículo 362 de la Ley de Enjuiciamiento Civil. *Se aclara la sentencia* que declaró con lugar la tercería de dominio sobre un predio de sesenta cuerdas a favor de Don Vicente Aquilúe; (\*) expresándose que dicha tercería de dominio es sólo sobre el predio de terreno que se ha identificado en el pleito como de la propiedad del tercerista y no sobre las edificaciones que enumera éste en su demanda, por no haberse probado que dichas edificaciones estuviesen enclavadas en el citado predio de sesenta cuerdas, estando en la obligación el demandado Abreu de devolver el expresado predio de terreno con los frutos producidos y que hubiere podido producir desde la fecha de la anotación a la demanda de tercería y cancelándose, en consecuencia, la anotación de embargo hecha en el registro de la propiedad a nombre del demandado Abreu y sólo en cuanto a las sesenta cuerdas objeto de esta tercería.

"Lo acordaron y firman los señores jueces del tribunal, de que certifico. Felipe Cuchí, Otto Schoenrich, Enrique González, Rafael Tirado."

*Resultando:* que contra la sentencia expresada y auto aclaratorio de la misma interpuso Don José Domingo Abreu recurso de casación por quebrantamiento de forma y por infracción de ley, habiéndolo interpuesto también Don Vicente Aquilúe por infracción de ley; y elevados los autos a esta Corte Suprema desistió Abreu del recurso por quebrantamiento de forma, substanciándose los otros dos por infracción de ley hasta la celebración de la vista; pero a virtud de la ley de la Asamblea Legislativa de doce de marzo último, que convirtió esta Corte Suprema en corte de apelación, se tramitaron dichos recursos como de apelación, señalándose día para la vista, en la que los Letrados de Don José Domingo Abreu y Don Vicente Aquilúe alegaron cuanto estimaron conducente a la defensa de sus respectivas pretensiones.

Abogado del demandante y apelante: *Sr. López Landrón.*

Abogados del demandado y apelante Sr. Abreu: *Sres. Díaz* y *Nadal.*

La otra parte demandante no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del tribunal:(*)

*Aceptando* los resultandos de la sentencia y auto aclaratorio preinsertos, menos el 7 y 10 de la misma sentencia.

*Resultando:* que en la súplica de su demanda interesó Don Vicente Aquilúe se dictara sentencia declarando que la porción de terreno o finca de sesenta cuerdas más o menos, embargada a instancia de Don José Domingo Abreu, así como también sus frutos, casas, glacis y demás fabricaciones expresadas en dicha demanda e igualmente embargadas por Abreu, pertenecen en propiedad y posesión al Alquilúe, mandando en su consecuencia alzar el embargo de esos bienes para dejarlos a la libre disposición del mismo, con las costas al demandado o demandados que se opusieran a semejante pretensión.

*Resultando:* que en el juicio ejecutivo seguido por Lecaroz y Cía. contra Don Andrés Avelino Delgado en cobro de catorce mil setecientos noventa y un pesos moneda provin-

104

cial, intereses y costas, por auto de seis de febrero de 1900, se adjudicaron a la parte ejecutante por las dos terceras partes de su valor los bienes embargados, a saber: una finca rústica compuesta de ciento ochenta cuerdas, estando enclavadas en ella una casa techada de tejamaní con cerca y piso de madera del país, de dos pisos, de doce varas de frente por catorce de fondo, con un martillo formando cocina, de ocho varas de frente por diez y seis de fondo, cobijada de zinc; una casa almacén conteniendo en un extremo máquina de descascarar café, tanques, etc., y techada también de zinc, y una casa cuartel de peones, con diez y seis varas de frente por cinco de fondo, de madera e igualmente cobijada de zinc; otra finca rústica compuesta de treinta y seis cuerdas y una tercera finca rústica de treinta y dos cuerdas de cabida, con casa habitación y cocina techada de zinc, piso y cerca de maderas del país, cuyas tres fincas radican (*) en el barrio de Angeles, del término municipal de Utuado; y habiendo cedido Lecaroz y Cía., tal adjudicación a Don Vicente Aquilúe se dió a éste la correspondiente posesión judicial en dos de abril del mencionado año.

*Resultando:* que según juicio de los peritos Don Vicente Viñas, Don José Escuté y Don José Ricarte, los dos glacis o secaderas de mampostería, el ranchón de diez y seis varas de largo por siete de ancho y las dos casitas o bohíos embargados por Don José Domingo Abreu se encuentran enclavadas en la finca de ciento ochenta cuerdas de que se deja hecho mérito, mientras que la casa de madera del país techada de paja de cinco varas de largo por seis de ancho, y la otra casa de ocho varas de frente por seis de fondo, de maderas del país y techada de yaguas radican en la finca rústica de treinta y seis cuerdas ya mencionada.

*Resultando:* que si bien los mismos peritos citados manifestaron en su informe ratificado bajo juramento, que la porción de sesenta cuerdas de terrenos embargados por Don José Domingo Abreu como de la propiedad de Don Andrés Avelino

Delgado forman parte integrante de las ciento ochenta cuerdas de terreno adjudicadas a Lecaroz y Cía. y cedidas por éste a Don Vicente Aquilúe, colindando dicha porción por el Norte, Este y Oeste con Don Vicente Aquilúe y por el Sur, con el camino nuevo y viejo de Lares, esos mismos peritos en ampliación de su dictamen no estuvieron conformes, pues Viñas afirmó que las sesenta cuerdas embargadas a Delgado están comprendidas dentro de las ciento ochenta cuerdas de Aquilúe, Ricarte que creía lo mismo que Viñas, aunque sin poder asegurarlo, y Escuté que no podía precisarlo, por no habérsele suministrado datos suficientes.

*Resultando:* que Don José Domingo Abreu confiesa que era dueño de la finca de ciento ochenta cuerdas, la que después adquirió Delgado y fué adjudicada a Lecaroz y Cía., por cuya sociedad fué cedida a Don Vicente Aquilúe, habiendo (*) colindado por el Sur con el camino de Lares y el río de Angeles, conviniendo Delgado en que ciertamente dicha finca le fué adjudicada en pago de un crédito contra la herencia de Doña Petra Rodríguez, esposa del Abreu; y examinados en el acto del juicio oral diez testigos, a instancia de Aquilúe, ocho de ellos declararon contestes que la finca de sesenta cuerdas embargadas como de Delgado forman parte de las ciento ochenta cuerdas adjudicadas a Lecaroz y Cía., y cedidas por éstos al tercerista, afirmación no contradicha por los otros dos testigos.

*Aceptando* los considerandos de la sentencia recurrida, menos los marcados con los números 5º. y 8º., como también se acepta el segundo del auto aclaratorio de la misma.

*Considerando:* que en el presente juicio no sólo es materia de debate el dominio de las sesenta cuerdas de terreno embargadas por Don José Domingo Abreu como de la propiedad de Don Andrés Avelino Delgado, sino que también se ha discutido la propiedad de las casas, ranchos, glasis y demás fabricaciones igualmente embargadas por Abreu, como lo revela el escrito de demanda, en cuya súplica pidió Don

108

Vicente Aquilúe se declarara a su favor por sentencia el do-
minio de tales terrenos y fabricaciones, a cuya pretensión
se ha opuesto el demandado Abreu, habiéndose propuesto
pruebas por el tercerista en justificación de todos los extre-
mos de su pretensión, por lo que es obvio que sobre todos esos
puntos litigiosos debe dictarse resolución.

*Considerando:* que acreditado como ha sido en el juicio
que las casas, ranchos, glacis y demás fabricaciones que con
las sesenta cuerdas de terreno embargadas reclama como de
su propiedad el tercerista Don Vicente Aquilúe, están ubi-
cadas en terrenos que fueron adjudicados en juicio ejecutivo
seguido por Lecaroz y Cía. contra Don Andrés Avelino Del-
gado en cobro de pesos, habiendo sido Aquilúe puesto en (*)
posesión de esos terrenos a virtud de cesión que de aquella
adjudicación le hiciera la sociedad expresada, sin que de tal
posesión se excluyera cosa alguna de las que los terrenos
comprendieran, es claro que Aquilúe, al practicarse el em-
bargo que originó la tercería, estaba también en posesión de
las casas, ranchos, glacis y demás fabricaciones que en los
terrenos había, y en esa posesión legal debe ser amparado
por no haber presentado los demandados título alguno supe-
rior para acreditar que debe ser privado de ella.

*Considerando:* que procediendo como procede desestimar
en su totalidad las pretensiones del opositor Don José Do-
mingo Abreu, debe éste ser condenado en todas las costas
causadas en el tribunal inferior.

*Vistos* los textos legales que en la sentencia se citan y
además los artículos 446, 448 y 449 del Código Civil aplicable
al caso.

*Fallamos:* que confirmando en lo conforme y revocando
en lo demás la sentencia recurrida y el auto aclaratorio de
la misma, debemos declarar y declaramos con lugar en todas
sus partes la tercería de dominio interpuesta por Don Vicente
Aquilúe, con relación al predio de sesenta cuerdas y fabrica-
ciones que se expresan en la demanda, y mandamos se alce

el embargo practicado sobre todo lo que ha sido materia de este juicio, lo que quedará a la libre disposición de Don Vicénte Aquilúe con los frutos que haya dejado de percibir con motivo del embargo cuya anotación en el registro de la propiedad será cancelada, con las costas del juicio a cargo del opositor Don José Domingo Abreu, y las de los recursos en la forma ordinaria; y devuélvanse los autos al tribunal de Arecibo con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó tribunal en la vista de este caso.(*)